STATE OF NORTH CAROLINA v. ROBERT RAY RANN

No. 6926SC284

(Filed 23 July 1969)

**Burglary and Unlawful Breakings § 8;   Larceny § 10— punishment**

Sentences of imprisonment imposed upon defendant's pleas of guilty to two indictments each charging him with felonious breaking and entering and felonious larceny *are held* within the statutory limits for such offenses.

APPEAL by defendant from *Falls, J.,* 3 February 1969 Schedule "B" Session of Criminal Court of the Superior Court of MECKLEN-BURG County.

The record filed herein, with an addition thereto filed by the Clerk of Superior Court of Mecklenburg County as directed by order of this court, reveals that the defendant was tried in two cases upon two bills of indictment, proper in form, charging him in each with the felony of breaking and entering and the felony of larceny.

In case #69-CR-5237, the defendant pleaded guilty to the felony of breaking or entering and the felony of larceny. On the breaking and entering charge, judgment was that the defendant be imprisoned for the term of not less than eight nor more than ten years in the State Prison; on the larceny charge, judgment was that he be imprisoned for the term of not less than three nor more than five years. The judgment provides that the sentence on the larceny charge is to commence at the expiration of the sentence pronounced on the charge of breaking and entering.

In case #69-CR-5238, the defendant pleaded guilty to the felony of breaking or entering and the felony of larceny. One sentence of six years imprisonment was imposed in the judgment on both charges. The judgment provides that this sentence is to begin at the expiration of the sentence pronounced in case #69-CR-5237 on the count charging larceny of property.

Defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Deputy Attorney General Harry W. McGalliard for the State.*

*Henry E. Fisher for the defendant.*

MALLARD, C.J.

Defendant's counsel in this court also represented the defendant in the Superior Court, and frankly states in his brief that he is

unable to find error in the trial.

The sentences imposed were within the limits of the law for such offenses.

We find no prejudicial error in the record.

Affirmed.

Britt and Parker, JJ., concur.